IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Case No. 15-23445 CMB |
| | ) | |
| Schaller's Bakery, Inc., | ) | Chapter 7 |
| | ) | |
|     Debtor. | ) | Document No. _____ |
| | ) | |
| Charles O. Zebley, Jr., | ) | Hearing Date and Time: |
| | ) | November 20, 2017, at 1:30 p.m. |
|     Trustee/Movant, | ) | |
| vs. | ) | |
| | ) | |
| No Respondents, | ) | |
| | ) | |
|     Respondents. | ) | |

**MOTION TO SELL DEBTOR'S REMNANT PERSONAL PROPERTY
FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

Charles O. Zebley, Jr., Chapter 7 trustee ("Trustee") for the bankruptcy estate (the "Estate") of the above captioned debtor ("Debtor"), requests the entry of an order, pursuant to 11 U.S.C. §§ 105 and 363, approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") and related terms ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief sought herein are sections 105(a) and 363 of Title 11 of Chapter 11 of the United States Code (the "Bankruptcy Code"), as well as Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

3. On September 18, 2015, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. On or about September 21, 2015, the Trustee was appointed as the Chapter 7 trustee for the Debtor's Estate.

5. Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with his power and duties. The Trustee is now in the process of winding down the administration of this case. To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

6. The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets"). The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

7. The Trustee and Oak Point have negotiated an agreement (the "Purchase Agreement,") for the sale of the Remnant Assets. A copy of the Purchase Agreement is appended as <u>Exhibit A</u> to the form of order filed with this Motion.

**Requested Relief**

8. By this Motion, the Trustee seeks the entry of an order pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), as well as Federal Rule of Bankruptcy Procedure 6004, (a) authorizing the Trustee to sell the Remnant Assets free and clear of all liens, claims, interests, and encumbrances; and (b) approving the terms of the Purchase Agreement.

9. The Purchase Agreement generally provides for an aggregate purchase price of $5,500.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of the Debtor's Estate.

10. In accordance with the Purchase Agreement, the Remnant Assets do not include (i) cash held by the Trustee for distribution to creditors and professionals; and (ii) the Purchase Price for the Remnant Assets.

11. In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets. Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefits of retaining the Remnant Assets. Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive.

### Bidding Procedures

12. Contemporaneously herewith, the Trustee has filed the Notice of Non-Evidentiary Hearing With Response Deadline on Motion to Sell Property of the Estate (the "Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

13. While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point in accordance with the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

    a. each initial overbid for the Remnant Assets must be at least $7,000.00;

    b. each Interested Bidder must tender a cashier's check to the Trustee for the $7,000 initial overbid with payment in full in 20 days;

    c. in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

14. The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement serves the best interests of the Debtor's Estate and the Debtor's creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate. Accordingly, subject to higher or better offers the sale to Oak Point should be approved as requested.

### Authority for Requested Relief

15. Section 363(b)(1) of the Bankruptcy Code provides that "the trustee, after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). To approve use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." *See In re Martin (Myers v. Martin)*, 91 F.3d 389, 395 (3d Cir. 1996) and *In re Abbotts Dairies of Pa. Inc.*, 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing). Moreover, Section 105(a) of the Bankruptcy Code provides that "[the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a).

16. Courts have held that transactions should be approved under Section 363(b) of the Bankruptcy Code when they are supported by the sound business judgment of the debtor or trustee, as the case may be. *See In re Martin*, 91 F.3d 389, 395 (3d Cir. 1986); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section 363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management; (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair and reasonable; and (d) the purchaser is acting in good faith); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11 case are "that the proposed sale is fair and equitable, that there is a good business reason for completing the sale and the transaction is in good faith.").

17. The Trustee submits that the Purchase Price is reasonable, for fair value, and was negotiated at arm's length and in good faith. Moreover, a private sale is appropriate because any costs associated with an auction of the Remnant Assets would likely exceed the Purchase Price and, in turn, any benefit to the Estate.

18. Courts have held that approval of a proposed sale of property pursuant to Section 363(b) of the Bankruptcy Code is appropriate if a court finds that the transaction represents a reasonable business judgment on the part of the debtor. *See Comm. of Equity Sec. Holders v. Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 391 (6th Cir. 1986); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 675 (Bankr. S.D.N.Y. 1989); *In re Phoenix Steel Corp.*, 82 B.R. 334, 335 (Bankr. D. Del. 1987); *In re Del. & Hudson Ry. Co.*, 124 B.R. 169, 176 (Bankr. D. Del. 1991). A trustee's showing of sound business justification need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

19. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. *See Lionel*, 722 F.2d at 1071. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary course of business. *See In re Chateaugay Corp.*, 973 F.2d 141, 144 (2d Cir. 1992). The Trustee believes that the Purchase Agreement represents a prudent and proper exercise of business judgment and is in the best interest of creditors of the Debtor's Estate.

20. Although the Bankruptcy Code does not define "good faith purchaser," the United States Court of Appeals for the Third Circuit construing section 363(m), has stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *In re Abbott's Dairies of Pa., Inc.*, 788 F.2d 143, 147 (3d Cir. 1986); *See also In re Mark Bell Furniture Warehouse, Inc.*, 992 F.2d 7, 8 (1st Cir. 1993); *In re Willemain v. Kivitz*, 764 F.2d 1019, 1023 (4th Cir. 1985); *In re Vanguard Oil & Serv. Co.*, 88 B.R. 576, 580 (E.D.N.Y. 1988).

21. Section 363(f) of the Bankruptcy Code permits a trustee to sell assets free and clear of all interests which may be asserted against such assets, with any such interests attaching to the net proceeds of the sale, subject to the rights and defenses of a debtor with respect thereto. As Section 363(f) of the Bankruptcy Code is stated in the disjunctive, when proceeding pursuant to Section 363(b), it is only necessary to meet one of the five conditions of Section 363(f). To the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.

22. Additionally, the Court should approve the Trustee's proposed Bidding Procedures. Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. See, e.g., *In re Financial News Network Inc.*, 931 F.2d 217 (2d Cir. 1991). Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee. Thus, the proposed Bidding Procedures are appropriate and should be approved.

23. The Trustee submits that the sale of the Remnant Assets is a prudent exercise of its business judgment under the circumstances and is in the best interest of the Debtor's Estate and its creditors. The Purchase Price for the sale is reasonable and has been negotiated at arm's length. Indeed, the Trustee is not aware of any future assets or claims that may be liquidated, obtained or otherwise administered for the benefit of the Debtor's Estate and its creditors. Accordingly, the Trustee respectfully requests that the Court grant the Motion.

WHEREFORE, the Trustee respectfully requests entry of an order authorizing the sale of the Remnant Assets pursuant to the terms of the Purchase Agreement and granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

ZEBLEY MEHALOV & WHITE, P.C.

October 4, 2017                By    /s/   Charles O. Zebley, Jr.
                                     Charles O. Zebley, Jr., Trustee
                                     PA I.D. No. 28980
                                     Zebley Mehalov & White, P.C.
                                     P.O. Box 2124
                                     Uniontown, PA 15401
                                     (724) 439-9200
                                     Email: COZ@Zeblaw.com